**No. 60346.**—Asche Bandor Corp. et al. *v.* United States, protests 246690–K, etc. (New York).

Opinion by Johnson, J.   It was stipulated that an allowance was made for gelatinous substance on certain canned hams and similar pork products equal to 10 percent of the contents of the tins, whereas there should have been an allowance of 20 percent, and that, following a Bureau of Customs ruling, had the review period not expired, the collector would have made an allowance equal to 20 percent.   In accordance with stipulation of counsel and following *Axel Stokby et al.* v. *United States* (4 Cust. Ct. 343, C. D. 358), the merchandise was held dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, upon the basis of the net weight of the contents of the tins, less an allowance for gelatinous substance equal to 20 percent of the contents of each tin.

**No. 60347.**—Bloomingdale Bros. (A Div. of Fed. Dept. Stores, Inc.) et al. *v.* United States, protests 275425–K, etc. (New York).

Opinion by Johnson, J.   In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiffs was sustained.

Before the First Division, November 15, 1956

**No. 60348.**—Remington Rand, Inc. *v.* United States, protest 238626–K (Philadelphia).

Opinion by Mollison, J.   It was stipulated that the merchandise consists of wooden containers of typewriters which constitute the usual and ordinary containers of typewriters and are not suitable for any other use.   On the record presented and following *United States* v. *American Railway Express Co.* (11 Ct. Cust. Appls. 211, T. D. 38968), the claim of the plaintiff was sustained.

**No. 60349.**—Morris Shoenthal, Inc., et al. *v.* United States, protests 182216–K, etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.*   (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

**No. 60350.**—Accurate Millinery Co. et al. *v.* United States, protests 229451–K etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

**No. 60351.**—Halper Bros., Inc., et al. *v.* United States, protests 256769–K, etc. (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

**No. 60352.**—Dernier, Inc. *v.* United States, protest 276851–K (New York).